IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J.C. BOWENS, JR., ID # 536849,    )<br>   Petitioner,    )<br>vs.    )<br>    )<br>DOUGLAS DRETKE, Director,    )<br>Texas Department of Criminal    )<br>Justice, Correctional Institutions Division,    )<br>   Respondent.    ) | No. 3:04-CV-0986-M |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A.  Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his aggravated robbery conviction in Cause No. F-89-86281-IU.  Respondent is Douglas Dretke, Director of TDCJ-CID.

**B.  Procedural History**

The State indicted petitioner for the offense of aggravated robbery.  On November 14, 1989, the State moved to amend the indictment to delete the phrase, "cause serious bodily injury to the said complainant by stabbing said complainant with a knife", and to add the phrase, "threaten and place the said complainant in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to-wit: a knife."  (*See* Ex. A attached to Mem. Supp. (copy of motion to amend indictment).)  The trial court granted the motion on that same day.  (*See id.* (reflecting order signed by trial judge and file-stamped Nov. 14, 1989).)  On January 9, 1990, the trial court entered judgment against petitioner for the offense of aggravated robbery as charged in the indictment, indicated that there were no findings with respect to use of a deadly weapon, and

sentenced petitioner to sixty years imprisonment. (*See* Ex. B attached to Mem. Supp. (copy of original judgment).) Petitioner did not appeal this conviction. (Pet. Writ of Habeas Corpus (Pet.) at 3.)

On April 18, 2002, the trial court entered an order Nunc Pro Tunc to correct the January 9, 1990 judgment to include a deadly weapon finding – "TO WIT: A KNIFE." (*See* Ex. C attached to Mem. Supp. (copy of amended judgment with notation regarding Nunc Pro Tunc order).)[1] On April 14, 2003, petitioner filed a state application for writ of habeas corpus in which he claimed that the trial court erred in granting the motion to amend the indictment and entering the nunc pro tunc judgment. (Pet. at 3.) The Court of Criminal Appeals denied that application on June 18, 2003. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2123376 (accessed Nov. 29, 2005).

Petitioner filed the instant federal petition on May 4, 2004, when he placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that the trial court erred in granting the motion to amend and filing the "Nunc Pro Tunc Order" after he entered into a plea agreement with the State, and thus committed various violations of constitutional magnitude. (Pet. at 7; Mem. Supp. at 1-15.) He asserts that he learned of the nunc pro tunc order when the trial court forwarded him a letter on July 30, 2002, in which it informed him of such order.[2] (Mem. Supp. at 3.)

---

[1] Although petitioner notes that the cause number on the amended judgment differs from the original judgment, (*see* Mem. Supp. at 12), a comparison of the original and amended judgments suggests that the amended judgment relates to the same conviction as the original judgment, despite the last digit of the cause number changing from one to two. Because petitioner specifically challenges his conviction in Cause No. F-89-86281-IU, the amended judgment is immaterial to the instant federal action unless it relates to the same conviction. Consequently, for purposes of this action, this Court considers the amended judgment to relate to the conviction challenged in this action.

[2] Because it makes no difference to the ultimate outcome of this action, the Court considers July 30, 2002, as the date of receipt. Although petitioner does not provide a copy of the letter or precisely indicate when he received the letter, the letter informs him of the entry of a nunc pro tunc order on April 18, 2002. It appears reasonable to construe July 30, 2002, as the date of receipt rather than date of mailing.

2

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Instead, he bases this petition on actions of the trial court that allegedly became known well after his conviction became final in 1990.  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from (D) the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claims.

In this instance, petitioner asserts that he learned of the nunc pro tunc order when the court forwarded him a letter on July 30, 2002.  (*See* Mem. Supp. at 3.)   Although, through the exercise of due diligence, petitioner would have known about the November 1989 motion to amend long before July 30, 2002, the Court will utilize July 30, 2002, as the date he learned the facts supporting all of his claims.

3

Because petitioner filed his petition more than one year after learning the factual predicate for his claims on July 30, 2002, a literal application of § 2244(d)(1) renders his May 4, 2004 filing untimely.

### IIII. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on April 14, 2003, 258 days had elapsed since July 30, 2002, the date he learned the factual bases for his claims. The filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on June 18, 2003. The AEDPA clock began to run again on June 19, 2003, and the time remaining in petitioner's one-year time period for filing a federal petition expired on or about October 3, 2003, well before he filed the instant petition on May 4, 2004.[3] Accordingly, the statutory tolling provision does not save the instant federal petition. Further, petitioner presents nothing which indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). The instant action thus falls outside the statutory period and should be deemed untimely.

---

[3] The Court notes that even if it considered July 30, 2002, to be the date the trial court mailed the notice of the April 18, 2002 nunc pro tunc order rather than the date petitioner received such notice, the instant petition would still be untimely. Allowing additional time for petitioner's receipt of a July 30, 2002 mailing would still not save the instant petition because it was filed approximately seven months after the limitations period expired.

4

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 30th day of November, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE